**The O'CONNOR COMPANY, INC., Plaintiff and Cross-Respondent,**

v.

**CARPENTERS LOCAL UNION NO. 1408 OF the UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA, AFL–CIO; 46 Northern California Counties Conference Board of the United Brotherhood of Carpenters and Joiners of America, AFL–CIO, Defendants and Cross-Petitioners.**

**No. C–81–3181 SAW.**

United States District Court, N. D. California.

March 9, 1982.

Voltz, Cook & Orenstein, Morton H. Orenstein, Steven R. Feldstein, San Francisco, Cal., for plaintiff and cross-respondent.

Michael B. Roger, Van Bourg, Allen, Weinberg & Roger, San Francisco, Cal., for defendants and cross-petitioners.

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

WEIGEL, District Judge.

Plaintiff seeks a declaration that it is not bound by the "1980–1983 Carpenters Agreement" entered into among the Carpenters Conference Board, the Northern California Home Builders Conference, and the California Contractors Council, Inc. (Compl. ¶ 15). The facts are not in dispute.

On November 6, 1977, plaintiff signed a Memorandum Agreement (1977–1980 Agreement) with defendants in which it agreed "to comply with all wages, hours and working conditions set forth in the Carpenters Master Agreement for Northern California dated June 16, 1977 to June 15, 1980 . . . ." Pursuant to the termination provision of the 1977–1980 Agreement, plaintiff, in April of 1980, gave defendants notice of its desire to terminate the Agreement effective June 15, 1980. In March of 1981, defendants filed a grievance against plaintiff alleging a violation of the 1980–1983 Carpenters Agreement. Plaintiff then instituted this action. Defendants urge that plaintiff is bound by the 1980–1983 Agreement and have cross-petitioned to compel arbitration of their grievance. The matter is now before the Court on cross-motions for summary judgment. The Court concludes that plaintiff's motion for summary judgment should be granted.

Defendants make two arguments in support of their contention that plaintiff is bound by the 1980–1983 Agreement. First, they urge that plaintiff's termination of the 1977–1980 Agreement does not terminate plaintiff's obligation to continue all terms and conditions of employment in full force and effect pending a new agreement or impasse. Since neither a new agreement nor an impasse has been reached, defendants conclude that plaintiff must arbitrate. Alternatively, defendants contend that plaintiff is estopped from denying its obligations under the 1980–1983 Agreement since, after the termination of the 1977–1980 Agreement, plaintiff hired three carpenters from the Union hiring hall, increased employee wages and fringe benefits, and made Trust Fund contributions.

Defendants' first argument is flawed. It is true that, under Section 8(a)(5) of the National Labor Relations Act (NLRA), 29 U.S.C. § 158(a)(5), those terms

and conditions established by a collective bargaining agreement and governing the employer-employee relationship survive the contract pending a new agreement or impasse. *See, e.g., Bay Area Sealers v. Auto Marine & Specialty Painters Union,* 253 NLRB No. 17 (1980). It may also be true that the broad arbitration provisions of the 1977–1980 Agreement survived its termination because the parties so intended. *See, e.g., Nolde Brothers, Inc. v. Bakery Workers,* 430 U.S. 243, 252, 97 S.Ct. 1067, 1072, 51 L.Ed.2d 300 (1977). Here, however, defendants do not seek to compel plaintiff to arbitrate claims which relate to plaintiff's continued obligations under the 1977–1980 Agreement. Rather, they seek to compel plaintiff to arbitrate claims arising under the 1980–1983 Agreement. *Nolde* and its progeny, then, do not apply.

■ Defendants' second argument also lacks merit. Plaintiff unequivocally informed defendants that it desired to terminate their collective bargaining agreement effective June 15, 1980. In light of this clear expression, it cannot be concluded that plaintiff's actions subsequent to June 15, 1980, were indicative of an intention to be bound by the 1980–1983 Agreement. For example, while it is true that plaintiff made Trust Fund contributions after the termination, it arguably was under a statutory duty to do so, and the payments were made to satisfy that "duty" (O'Connor Decl., ¶ 6). *See Seymour v. Coughlin Company,* 609 F.2d 346, 351–52 (9th Cir. 1981). Similarly, defendants could not justifiably conclude that plaintiff desired to be bound by the 1980–1983 Agreement from the fact that plaintiff hired three carpenters from the Union's hiring hall and paid increased wages and fringe benefits. Indeed, in 1972, before plaintiff had signed *any* agreement, it called the Union's hiring hall to request, and eventually hired, two carpenters (Supp. O'Connor Decl., ¶ 3). Defendants did not, at that time. argue that plaintiff thereby bound itself to a collective bargaining agreement. Based on that experience, plaintiff was justified in believing that the hiring hall acted as a type of "employment agency" for unemployed carpenters (*id.*).

In short, there is no justification for concluding that plaintiff is bound by the terms of the 1980–1983 Agreement. Accordingly,

IT IS HEREBY ORDERED that plaintiff's motion for summary judgment is granted.

IT IS FURTHER HEREBY ORDERED that defendants' motion for summary judgment is denied.